**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

MARTIN TWITCHELL,

                      Plaintiff,

          v.                                         Case No. 3:26-cv-00117-SLG

STATE OF ALASKA, *et al*.,

                      Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court at Docket 8 is Plaintiff Martin Twitchell's Motion to Remand. The State of Alaska, Department of Corrections ("DOC"), and John Doe (collectively "Defendants") responded in opposition at Docket 9, to which Plaintiff replied at Docket 11. Oral argument was not requested and was not necessary to the Court's determination

### BACKGROUND

On November 27, 2025, Defendant John Doe, a DOC employee at the Anchorage Correctional Complex ("ACC"), allegedly "placed Plaintiff into a cell without medical assistance and supervision despite that he was heavily intoxicated."[1] Plaintiff alleges that John Doe knew or should have known "that Plaintiff was very intoxicated and required medical assistance and supervision" and "that placing Plaintiff in an unsupervised cell without medical assistance

---

[1] Docket 1-1 at 4, ¶¶ 3-4.

demonstrated deliberate indifference to Plaintiff's safety."[2]  Plaintiff then allegedly "fell and was seriously injured in his cell" at ACC.[3]

On February 11, 2026, Plaintiff filed a Complaint in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.[4]  Plaintiff's original Complaint alleged five claims arising out of both federal and state law.[5]  Count III alleged an Eighth Amendment violation[6] and Count IV alleged Negligent Training and/or Supervision under state common law and 42 U.S.C. § 1983.[7]  Counts I, II, and V were state law tort claims.[8]

On March 13, 2026, Defendants removed this action to federal court, asserting that this Court has "original jurisdiction under the provisions of 28 U.S.C. § 1331" because Plaintiff's Complaint "is one which may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action arising under the Constitution, laws, or treaties of the United States" and this Court has

---

[2] Docket 1-1 at 4, ¶¶ 5-6.

[3] Docket 1-1 at 4, ¶ 7.

[4] Docket 1-1 at 3.

[5] Docket 1-1 at 4-6.

[6] Docket 1-1 at 5, ¶¶ 15-18.

[7] Docket 1-1 at 6, ¶¶ 19-22.

[8] Docket 1-1 at 4-6, ¶¶ 8-14, 23-28.

"supplemental jurisdiction over [Plaintiff's] state law claim[s] pursuant to 28 U.S.C. § 1367."[9]

On March 23, 2026, Plaintiff filed a First Amended Complaint ("FAC") which amended Count III ("Eighth Amendment Violation") to specify that the Eighth Amendment claim was pursuant to the Alaska Constitution, rather than the United States Constitution,[10] and Count IV ("Negligent Training and/or Supervision") to remove the reference to Section 1983 and rely solely on a state common law theory.[11]

On April 7, 2026, Plaintiff amended his FAC "with written consent from the defense pursuant to Federal Rule of Civil Procedure 15."[12] The Second Amended Complaint ("SAC") amended Count III by deleting the reference to the Eighth Amendment and pleading only a "Violation of Alaska Constitution, Article 1, Section 12."[13]

---

[9] Docket 1 at 2, ¶¶ 1, 4.

[10] Docket 7 at 3-4, ¶¶ 15-18. *But see* Alaska Const. (no Eighth Amendment).

[11] Docket 7 at 4, ¶¶ 19-22.

[12] Docket 12 at 1; *see also* Docket 11-1 ("We consent to your proposed amendment of Count III by substituting Eighth Amendment Violation claim with an Article I, Section 12 of the Alaska Constitution violation claim.").

[13] Docket 12 at 3.

## LEGAL STANDARDS

### I. Rule 15

Pursuant to Federal Rule of Civil Procedure 15(a), if 21 days have passed since a pleading was served or since a motion under Rule 12(b), (e), or (f) was served—whichever is earlier—then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 provides that courts should "freely give leave [to amend] when justice so requires," and the Ninth Circuit has held that "this policy is to be applied with extreme liberality."[14]

### II. Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to the appropriate federal district court when that district court has original jurisdiction. Original jurisdiction in civil cases generally arises from diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The removal statute is "strictly construed," and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[15] Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears

---

[14] Fed. R. Civ. P. 15(a)(2); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

[15] *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021) (internal quotation marks omitted) (first quoting *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); and then quoting *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.

## DISCUSSION

Plaintiff seeks to remand this case back to the Superior Court for the State of Alaska, Third Judicial District at Anchorage, where the case originally commenced.[16] In his motion, filed before the SAC was filed, Plaintiff contends that by removing the Section 1983 claim and "clarifying that the constitutional violation alleged regards the Eighth Amendment of the Alaska state constitution," "pursuant to *Royal Canin U.S.A., Inc. v. Wullschleger*, [604 U.S. 22 (2025)], the Court must remand the present matter to state court."[17]

In their opposition, Defendants assert that *Royal Canin* does not apply because in the FAC, this Court "retains original jurisdiction over the remaining Eighth Amendment violation alleged."[18] Defendants explain that although Plaintiff "attempted to argue that the alleged Eighth Amendment violation is in relation to the Alaska State Constitution," "[t]here is no Eighth Amendment in Alaska State Constitution."[19] "A reasonable person would likely interpret that the Plaintiff is referring to the Eighth Amendment in the U.S. Constitution. Plaintiff is in effect

---

[16] Docket 8 at 1.

[17] Docket 8 at 1-2.

[18] Docket 9 at 1-2.

[19] Docket 9 at 1-2.

Case No. 3:26-cv-00117-SLG, *Twitchell v. State of Alaska, et al.*
Order Granting Motion to Remand
Page 5 of 8
Case 3:26-cv-00117-SLG     Document 13     Filed 04/22/26     Page 5 of 8

attempting to plead a federal constitutional claim without submitting the case to federal court jurisdiction."[20]

In his reply, Plaintiff concedes that "the heading to Count III in Plaintiff's [FAC] still errantly referenced the Eighth Amendment."[21] However, "with the written consent of Defendant[s] pursuant to Federal Rule of Civil Procedure 15,"[22] Plaintiff contends that he has since corrected this error in the SAC, which warrants remand to state court.[23]

As an initial matter, the Court agrees with Plaintiff that Defendants provided their consent for Plaintiff to amend his FAC pursuant to Rule 15. "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."[24] "[J]urisdiction follows from (and only from) the operative pleading."[25] Thus, the Court shall determine whether it has federal jurisdiction based on the face of the SAC.

---

[20] Docket 9 at 2.

[21] Docket 11 at 1.

[22] Docket 11 at 1 (citing Docket 11-1).

[23] Docket 11 at 1-2 (citing Docket 11-1).

[24] *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) [hereinafter *Royal Canin*].

[25] *Id.* at 35.

The Court further finds that based on the SAC, *Royal Canin* applies and requires remand of this case back to the state court.[26] In *Royal Canin*, the plaintiff brought an action in state court asserting federal and state law claims arising out of the same facts.[27] The defendant removed the case to federal court on the basis of federal-question jurisdiction.[28] The plaintiff then amended her complaint, "delete[d] all the federal-law claims, leaving nothing but state-law claims behind," and then moved to remand.[29] The Supreme Court held that a plaintiff "may decide to plead federal-law claims, or instead to allege state-law claims alone and thus ensure a state forum."[30] "When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well."[31] "The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started."[32]

---

[26] *See* Docket 8 at 1-2.

[27] *Royal Canin*, 604 U.S. at 28.

[28] *Id.*

[29] *Id.* at 25, 29.

[30] *Id.* at 35 (first citing 28 U.S.C. § 1331; and then citing *Royal Canin*, 604 U.S. at 47 (describing the well-pleaded complaint rule)).

[31] *Id.* at 39.

[32] *Id.*

Case No. 3:26-cv-00117-SLG, *Twitchell v. State of Alaska, et al.*
Order Granting Motion to Remand
Page 7 of 8

As previously stated by the Supreme Court, "[t]he plaintiff is 'the master of the complaint,' and therefore controls much about her suit."[33] Plaintiff's SAC has "eliminated any basis for federal-question jurisdiction" and without a federal question, there remains no supplemental jurisdiction over the remaining state-law claims.[34] "By adding or subtracting claims or parties, and thus reframing the suit, that pleading [has] alter[ed] a federal court's authority" and as a result, here, "the federal court must remand the case to the state court where it started."[35]

## CONCLUSION

In light of the foregoing, Plaintiff's Motion to Remand at Docket 8 is **GRANTED**. This case is **REMANDED** to the Superior Court for the State of Alaska, Third Judicial District at Anchorage to proceed on Plaintiff's state law claims.

DATED this 22nd day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[33] *Id.* at 35 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-399 (1987)); *see also id.* ("She gets to determine which substantive claims to bring against which defendants. And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction.").

[34] *Id.* at 29; *see* Docket 11-1 at 1; *Royal Canin*, 604 U.S. at 35-36 ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one[.] . . . So changes in parties, or changes in claims, effectively remake the suit. And that includes its jurisdictional basis: The reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction.").

[35] *Royal Canin*, 604 U.S. at 39.

Case No. 3:26-cv-00117-SLG, *Twitchell v. State of Alaska, et al.*
Order Granting Motion to Remand
Page 8 of 8